## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CESAR CAMARENO BRICENO,

     Petitioner,

v.                                                                        Case No. 6:26-cv-830-RBD-DCI

LOUIS A. QUINONES, JR.; ACTING
DIRECTOR TODD LYONS;
SECRETARY MARKWAYNE
MULLIN; ATTORNEY GENERAL
TODD BLANCHE; GARRETT RIPA;
UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT;
and DEPARTMENT OF
HOMELAND SECURITY,

     Respondents.

_____

## ORDER AND INJUNCTION

Before the Court is Petitioner Cesar Camareno Briceno's Petition for Writ of

Habeas Corpus (Doc. 1) and Motion for Temporary Restraining Order (Doc. 2).

In this immigration case, Petitioner is a Venezuelan citizen who entered the

United States in 2017 on a temporary visitor visa. (Doc. 1, ¶ 2.) He overstayed. (*See*

Doc. 10-1, p. 1.) He was arrested for petit theft on April 12, 2026. (Doc. 1, ¶ 22.)

That same day, Respondents issued a I-200 warrant to detain Petitioner under

8 U.S.C. § 1226(a).[1] (Doc. 10-2.) But Respondents did not issue a Notice to Appear until the following day. (Doc. 10-3.)

8 U.S.C. § 1226(a) allows for the detention of aliens "[o]n a warrant issued by the Attorney General . . . pending a decision on whether the alien is to be removed from the United States." But these warrants cannot be issued before the issuance of a Notice to Appear. 8 C.F.R. § 1236.1(b). Warrants issued before a Notice to Appear are invalid, and aliens detained under invalid warrants are entitled to immediate release. *See Velez Coronel v. Guthrie*, No. 2:26-cv-719, 2026 WL 847229, at *2 (M.D. Fla. Mar. 27, 2026) (Chappell, J.); *Landaverde Ardon v. Mina*, No. 6:26-cv-313, 2026 WL 530199, at *3 (M.D. Fla. Feb. 26, 2026) (Sneed, J.).

The Government acknowledges that the warrant was issued prior to the Notice to Appear. (Doc. 10, p. 2.) Yet strangely, the Government does not concede to release despite the invalidity of the warrant. Instead, the Government unsuccessfully attempts to distinguish *Velez Coronel* and *Landaverde Ardon* because the warrants in those cases were issued two days and two weeks, respectively, before the notice to appear—as opposed to one day before in the instant case. (*Id.* at 4 n.2.) This argument is not colorable. You cannot issue a valid warrant for a notice to appear that does not yet exist. An invalid warrant is an invalid warrant.

---

[1] Notably, the Government does not assert that Petitioner was detained under § 1226(c)(1)(E), which authorizes detention of some aliens arrested for theft. (*See* Doc. 10.)

And invalid ICE warrants are unfortunately rampant in this District. *See Velez Coronel*, 2026 WL 847229, at \*2; *Landaverde Ardon*, 2026 WL 530199, at \*3; *see also Silva Parucho v. Quinones*, No. 6:26-cv-263 (M.D. Fla. Jan. 31, 2026) (Antoon, J.); *Arellano v. Quinones*, No. 6:26-cv-512 (M.D. Fla. Mar. 5, 2026) (Presnell, J.).

Here, the warrant was invalid. So Petitioner's current detention under § 1226(a) is unlawful, and Petitioner is entitled to immediate release.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Petition for a writ of habeas corpus (Doc. 1) and motion for temporary restraining order (Doc. 2) are **GRANTED** only to the extent that Petitioner's current detention under 8 U.S.C. § 1226(a) is unlawful, so habeas relief and an injunction are warranted. The remainder of the Petition is **DENIED WITHOUT PREJUDICE AS MOOT**.

2. Respondents are **DIRECTED** to immediately release Petitioner into his counsel's custody on receipt of this Order. If his counsel is unavailable to collect Petitioner, counsel may otherwise make arrangements with the Government's counsel to have Petitioner safely collected from the detention facility in which he is currently held. Respondents are not permitted to release Petitioner without ensuring that he is safely collected. The Government's counsel is

**DIRECTED** to liaise with Respondents and Petitioner's counsel to ensure Petitioner's safe and immediate release. Petitioner's counsel is **DIRECTED** to immediately notify the Court once Petitioner is safely released and collected.

3. Respondents are **DIRECTED** to provide Petitioner's personal belongings, including his immigration documents, directly to him immediately on release. If his belongings are not available immediately on release because they are not located at the facility in which he is currently held, the Government's counsel is **DIRECTED** to make them available to Petitioner's counsel for pickup within 48 hours of his release.

4. Respondents Louis A. Quinones, Jr., Todd Lyons, Markwayne Mullin, Todd Blanche, Garrett Ripa, U.S. Immigration and Customs Enforcement, and Department of Homeland Security, and all other persons or entities acting in active concert or participation with them, are **TEMPORARILY RESTRAINED AND ENJOINED** from detaining Petitioner Cesar Camareno Briceno under 8 U.S.C. § 1226(a) until at least **Friday, May 8, 2026**. Should Respondents elect to later detain him under that statute after that date, Respondents are **DIRECTED** to release him within ten days of his detainer unless he

4

is provided with a bond hearing before an immigration judge during that ten-day period. If he is redetained and released, Respondents must facilitate his transportation from the detention facility by notifying his counsel of the time and place where he may be collected.

5. Nothing in this Order restrains or enjoins Respondents from re-detaining Petitioner under any other applicable authority, including § 1226(c).

6. No security bond is required for this injunction as the Court deems it unnecessary.

7. Petitioner is **DIRECTED** to notify his counsel should his place of residence change while his immigration proceedings are ongoing.

8. The Clerk is **DIRECTED** to enter judgment in favor of Petitioner and against Respondents and then to close the file.

9. The Clerk is **DIRECTED** to unrestrict and maintain on the public docket the main documents attached as Docs. 1, 2, 7, and 10 only. The exhibits to those main documents must remain under restriction as they contain personally identifiable information.

10. The Court **RETAINS** jurisdiction to enforce the terms of this Order. If Petitioner is later detained under § 1226(a) and deprived of a timely hearing but not released as ordered herein, he may move to reopen

this case without opening a new file.

11. The Court also **RETAINS** jurisdiction to consider the matter of fees and costs. *See* Local Rule 7.01.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 28, 2026.



ROY B. DALTON, JR.
United States District Judge

6